UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION


RAPIDES HEALTHCARE SYSTEM            CIVIL ACTION NO. 1:10CV0031

VERSUS                               JUDGE JAMES T. TRIMBLE

AETNA LIFE INSURANCE CO.             MAGISTRATE JAMES D. KIRK


**ERISA CASE MANAGEMENT ORDER**

     Compliance with applicable ERISA legal standards will streamline the handling of this action. Counsel shall familiarize themselves with current ERISA law, including the jurisprudence cited below.[1]  In order to facilitate an efficient progression of this action, the following **ORDERS** are entered:[2]
     **I. Within 60 days** of the date of this Order, **the parties shall file** a (1) joint stipulation, (2) statement, or (3) motion for summary judgment or other dispositive motion as to the following issues:
          a. whether ERISA governs the employee benefit plan at issue,
          b. whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan[3], and
          c. whether ERISA preempts all state law claims

---

[1]  This federal district court's  review of employee benefit plan determinations is limited by standards of review articulated by the United States Supreme Court and the Fifth Circuit Court of Appeal. See *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)**;** *Vega v. National Life Ins.Co., 188 F.3d 287 (5ᵗʰ Cir. 1999) Schadler v. Anthem Life Insurance Co.*, 147 F. 3d 388, 394 (5ᵗʰ Cir.1998); *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5ᵗʰ Cir. 1994), reh'g en banc denied, 20 F.3d 471(1994)**.**

[2]  **Failure to comply with the  schedule of deadlines imposed and/or the substance of this order will merely delay justice and impose additional burdens on all involved. Thus, failure to comply with this order will warrant the imposition of  sanctions, including dismissal, administrative closing of the case, or fine.**

[3]There is no "linguistic template" or "magic word[ing]" which must be included in a plan to vest an administrator with discretionary authority to determine eligibility for benefits or to construe the terms of a plan. Instead, the plan should be read as a whole to determine "the breadth of the administrators' power." *Schadler v. Anthem Life Ins. Co.,* 147 F.3d at 395, f.n.7; *Duhon v. Texaco,Inc.,* 15 F.3d at 1305-1306, citing *Wildbur v. Arco*, 974 F 2d 631, 636 (5ᵗʰ Cir.), modified, 979 F 2d 1013 (5ᵗʰ Cir. 1992).

related to the employee benefit plan at issue[4].

**II. Within 60 days** of the date of this ORDER, **the defendant shall file**: (A) a COMPLETE copy of the employee benefit plan and summary plan description; and (B) a copy of the complete administrative record concerning  plaintiff's claim for benefits with all pages numbered and bound with two hole clasps or placed in three ring binders.

**III. Within 90 days** of the date of this Order, **the plaintiff shall file** a statement regarding the completeness of the administrative record. If Plaintiff contends the administrative record is incomplete in any way, plaintiff shall describe the alleged omitted documents and shall set for the basis for his belief that said documents were part of the administrative record considered by the administrator.  If plaintiff possesses the documents, copies shall be proffered to the court with such statement, subject to defendant's right to object that they are not part of the record.

**IV.** Absent further order,[5] discovery in this case is limited to subject matter which relates to the administrator's interpretation of the terms of the policy or plan.[6]  Discovery may not be conducted regarding the factual basis of the plaintiff's medical claim because this court's review is constrained to the evidence in the administrative record as reviewed by the plan administrator, and the administrator's decision can only be overturned if the court concludes that it

---

[4]ERISA preempts all state claims that "relate to any employee benefit plan." 29 U.S.C. §1144(a); *Vega v. National Life Insurance Services, Inc.,*188 F.3d 287,290 fn3 (5th Cir. 1999).

[5]  If  a diligent review of the law and the facts leads a party to believe that there is a basis for expanding the scope of discovery in this case,  an appropriate motion and memorandum ,citing applicable authorities and legal arguments, should be filed promptly.

[6]  To date, evidence which has been recognized to relate to the administrator's interpretation of plan terms includes evidence of the bad faith of plan trustees, *Kennedy v. Electricians Pension Plan*, 954 F. 2d 1116, 1123-24 (5th Cir. 1992), and evidence concerning how an administrator has interpreted terms of the plan in other instances, *Vega v. National Life Insurance Services, Inc.,* 188 F.3d 287, 299 (5th Cir.1999).  Likewise, expert evidence which assists the court in understanding the medical terminology or practice related to a claim is admissible, and would thus be a proper subject of discovery. *Id* at 299.

constitutes an abuse of discretion. *Schadler*, 147 F 3d at 394; *Wildbur*, 974 F.2d at 639; see also *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F. 2d 98, 102 (5th Cir.1993).

**V**. After completion of the above, the court will issue a briefing Order and the case will be considered on the administrative record.

Alexandria, Louisiana on July, 1, 2010.

By Direction of the Court
TONY R. MOORE, CLERK